# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Raymond P. Moore

Civil Action No. 1:18-cv-0993-RM-KLM

Carlos Brito,

    *Plaintiff*,

    *v.*

Colorado Springs Hotel Owner, LLC, and
Marriott International, Inc.,

    *Defendants*.

---

# ORDER

---

Plaintiff Brito is a paraplegic substantially limited in his life activities. (Compl. ¶ 12, ECF No. 1.) Defendants are a hotel owner and related business operating as the "Colorado Springs Marriott," at which Brito stayed on or about August 9–10, 2017. (*Id.* ¶¶ 6–9, 13.) During his stay, Brito alleges that he encountered architectural barriers that limited his ability to safely access certain spaces within the hotel premises in violation of the Americans with Disabilities Act (ADA, 42 U.S.C. § 12181, *et seq.*) and related regulations (ADAAG). On January 16, 2019, Defendants moved for summary judgment, suggesting that Brito has not provided any evidence (1) that he is disabled, or (2) that the removal of the alleged barriers is readily achievable. (SJ-Motion, ECF No. 26). The Court granted Brito an extension to respond to the SJ-Motion within fourteen days after resolution of his motion for discovery pursuant to Fed. R. Civ. P. 56(d), which is now briefed and before the Court. (Discovery Motion, ECF No. 31; *see also* ECF Nos. 37 (Response), 38 (Reply).) For the following reasons, the Court denies the Discovery Motion.

## I. BACKGROUND

On August 9–10, 2017, Brito stayed as a guest at the Colorado Springs Marriott. (Compl. ¶¶ 13–14.) Because the hotel is a place of public accommodation, Defendants must comply with the ADA, which prohibits discrimination against persons on the basis of disability. (*Id.* ¶ 18.) But at the hotel, Brito—a paraplegic requiring a wheelchair to ambulate—encountered architectural barriers that denied or diminished his ability to visit certain areas on the premises; endangered his safety; and posed a risk of injury, embarrassment, and discomfort to him. (*Id.* ¶¶ 12, 16–18.) Specifically, Brito alleged that various places at the hotel failed to meet required accessibility regulations, including the parking area, entrance access paths, recreation and dining sites, common restrooms, and other amenities. (*Id.* ¶¶ 21.A–21.D.) He further noted that many basic in-room features were noncompliant, such as the toilet, thermostat and light controls, roll-in shower, and peephole. (*Id.* ¶¶ 21.E.1–21.E.5.)

On April 26, 2018, Brito filed for injunctive, declaratory, and other relief against Defendants. (*See generally id.*) On July 23, 2018, Magistrate Judge Tafoya entered a Scheduling Order, pursuant to which discovery would close on December 13, 2018. (Scheduling Order, ECF No. 16, at 5.) In the Complaint and over the following months, both before and after the Scheduling Order, Brito expressed interest in inspecting the hotel premises pursuant to Fed. R. Civ. P. 34(a)(2). (Compl. ¶ 22; *see also* ECF No. 31-2 (containing e-mail requests from Brito's counsel regarding scheduling an inspection date).) On August 6, 2018, Brito served a request for entry on land to inspect the hotel. (ECF Nos. 31-1 ¶ 7, 31-3.) On August 13, 2018, Defendants objected on several grounds, including that Brito had failed to coordinate the inspection with Defendants and that the scope of the request was overbroad. (*See* ECF Nos. 21 (stricken

response[1]), 31-1 ¶ 8.) Brito did not file a motion to compel the inspection. (*See* Docket.)

On January 16, 2019, after the close of discovery, Defendants moved for summary judgment, suggesting that Brito had not provided any evidence (1) that he is disabled, and (2) that the removal of the alleged barriers is readily achievable, which Defendants suggest requires expert testimony. (*See* SJ-Motion at 3–4.) Rather than respond to the SJ-Motion, Brito filed the Discovery Motion and simultaneously moved to stay his response deadline to the SJ-Motion. (*See generally* Discovery Motion.) In support of the Discovery Motion, Brito argues that he needs additional time to conduct discovery because he has not done an inspection of the hotel, and he now cannot present evidence which can only be found at the property, is in the exclusive control of Defendants, and is essential to his opposition to the SJ-Motion. (ECF No. 31-1 ¶¶ 12–14.) Brito therefore believes the "Court should grant Plaintiff relief under Fed. R. Civ. P. 56(d). The Defendants' motion for summary judgment should be denied, or in the alternative, deferred to allow Plaintiff time to conduct an inspection regarding the foregoing evidence." (*Id.* ¶ 15.)

## II. ANALYSIS

Rule 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). Ordinarily, requests for further discovery should be treated liberally. *Comm. for First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992). But relief under Rule 56(d) is not automatic. *Burke v. Utah Transit Auth. & Local 382*, 462 F.3d 1253, 1264 (10th Cir. 2006). A motion to defer summary judgment under Rule 56(d) "does not compel the court to grant a

---

[1] Defendants filed their response (ECF No. 21) to the Rule 34 inspection notice, and Brito filed a reply (ECF No. 24). The magistrate judge struck both of these filings as discovery requests that are not to be filed with the court. (ECF No. 25 (citing Fed. R. Civ. P. 5(d)(1)).)

3

continuance to a party that has been dilatory in conducting discovery [and cannot offer any] colorable reason why the discovery deadline should have been extended." *Bolden v. City of Topeka*, 441 F.3d 1129, 1151 (10th Cir. 2006) (discussing Rule 56(f), the predecessor to current Rule 56(d)). To obtain relief under Rule 56(d), the movant must submit an affidavit (1) identifying the probable facts that are unavailable, (2) stating why these facts cannot be presented currently, (3) identifying past steps to obtain evidence of these facts, and (4) stating how additional time would allow for rebuttal of the adversary's argument for summary judgment. *Valley Forge Ins. Co. v. Health Care Mgmt. Partners, Ltd.*, 616 F.3d 1086, 1096 (10th Cir. 2010).

With the Discovery Motion, Brito submitted an affidavit from his attorney which fails to convince the Court that additional time for discovery is warranted here. According to the affidavit, the only missing information is that which counsel and Brito expect to get from an inspection of the hotel premises. On the diligence inquiry, Brito's attorney attests that he attempted to get an inspection date at various times over the summer of 2018 by sending e-mail communications to Defendants' counsel and serving a notice of inspection on August 6, 2018. But after Defendants objected to his inspection notice on August 13, 2018, Brito never moved to compel. Even though more than seventeen weeks stood between him and the discovery deadline, Brito took no steps whatsoever—not even by a motion to compel—to secure the inspection he had intended to perform since filing the Complaint and now claims is vital to his rebuttal of the SJ-Motion. Finally, the affidavit has not set forth how the information to be discovered from inspection would rebut the SJ-Motion's two central arguments.

## III. CONCLUSION

For the foregoing reasons, the Discovery Motion (ECF No. 31) is **DENIED**. Brito's response to the SJ-Motion (ECF No. 26) is due within fourteen days of the entry of this order.

DATED this 9th day of April, 2019.

BY THE COURT:

/s/ Raymond P. Moore
RAYMOND P. MOORE
United States District Judge